QUINCE, J.,
concurring in part and dissenting in part.
This is a troubling case because there appear to be multiple errors made during the course of this retrial. These errors would not in and of themselves require a reversal, and certainly not reversal of the guilt phase of the proceedings. However, because of these errors my confidence in the outcome of the penalty phase of this case has been undermined such that I do not believe that this is a case where the death penalty should be imposed. Therefore, the defendant’s sentence should be reduced to life, or at the very least the defendant should be given a new penalty phase proceeding.
I agree with the majority that counsel was deficient in stipulating to the fact that the defendant initiated contact with law enforcement on May 7 and that the State committed a Brady violation in regard to the agreement it had with the codefendant Johnson. In addition, I do not believe that the defendant’s attorney adequately impeached Georgeann Williams, codefendant Bush’s girlfriend. Therefore, when viewed with the other evidence in this case, which calls into question whether the defendant was the shooter, I cannot agree that the errors were not harmful.
The defendant in this case was nineteen years old at the time of the murder. He admittedly was involved in the robbery and was admittedly at the scene of the murder. The real issue is whether he was the shooter. The defendant has maintained that codefendant Cave shot the victim. There was testimony presented from Michael Bryant, who shared a cell with Cave, that he overheard a conversation between codefendants Bush and Cave in which Bush acknowledged that he stabbed the victim and Cave acknowledged that he shot the victim. The prosecutor in Cave’s case also testified that he relied on the *872 testimony of Bryant to show that Cave was the shooter.
The only evidence that points to Parker as the shooter comes from Georgeann Williams, who at one point said she did not know who the shooter was. The testimony of the third codefendant, Johnson, was to the effect that Parker had a gun shortly before the shooting, but he did not actually see the victim being shot. Moreover, the evidence from the May 7 statement should not have been admitted. Even though some of the evidence from that statement was not necessarily incriminating, even the fact that the defendant knew the location of certain items of evidence could have made a difference in the jury’s evaluation of the case.
Any evidence which would tend to further impeach the credibility of Williams and Johnson should have been presented to the jury in this case to evaluate the relative culpability of Parker.
I would therefore give Parker a new sentencing proceeding where this evidence could be presented.